**DEMETRIOS K. STRATIS, ESQ. (022391991)**
**Ruta, Soulios & Stratis, LLP**
10-04 River Road
Fair Lawn, New Jersey 07410
(201) 794-6200 / (201) 794-6300 Fax
Email: dstratis@stratislaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BETSY FRESSE<br><br>    Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION d/b/a,<br>STARBUCKS COFFEE COMPANY<br><br>    Defendant. | CASE NO. 2:20-CV-16567<br><br>FIRST AMENDED<br>COMPLAINT AND JURY<br>TRIAL DEMAND |

# COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 to address unlawful religious discrimination by Starbucks Corporation d/b/a Starbucks Coffee Company ("Starbucks"). Specifically, Plaintiff Betsy Fresse, a barista for Starbucks for more than three years, was terminated after Starbucks became aware that Mrs. Fresse's religious beliefs would have prevented her from wearing a company PRIDE t-shirt. In support thereof, Plaintiff alleges, and states as follows:

1

## ADDRESSES OF THE PARTIES

1. Plaintiff Betsy Fresse, a resident of Newark, New Jersey, may be contacted through her counsel, whose addresses are noted in this Complaint, so that her privacy is maintained.

2. Defendant Starbucks is headquartered at 2401 Utah Avenue, South, Suite 800, Seattle, Washington, 98134.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 1343.

4. This action is authorized pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e to 2000e-17.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f).

6. All employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

7. Plaintiff, Betsey Fresse, is an individual and citizen of New Jersey.

8. Defendant Starbucks Corporation d/b/a Starbucks Coffee Company is organized under the laws of Washington with its headquarters located at 2401 Utah Avenue, South, Suite 800, Seattle, Washington, 98134.

9. Defendant maintains locations throughout the State of New Jersey, including in Hoboken and Glen Ridge and maintains fifteen or more employees.

## ADMINISTRATIVE PROCESS

10. On or about February 3, 2020, Plaintiff filed a Complaint with the Equal Employment Opportunity Commission ("EEOC") complaining of acts of discrimination alleged herein.

11. On or about August 21, 2020, the EEOC issued the Plaintiff a Notice of Right to Sue. Attached hereto as **Exhibit A** is a true and correct copy of the notice.

12. Plaintiff has met all administrative prerequisites necessary for filing this action.

## FACTUAL ALLEGATIONS

13. Mrs. Fresse began her employment with Starbucks in or about December 2015 where she worked as a barista until her termination on or about August 22, 2019.

14. Mrs. Fresse is a Christian and member of a church located in Jersey City.

15. Mrs. Fresse holds the personal religious belief that God created man and woman, that marriage is defined in the Bible as between one man and one woman only, and that any sexual activity which takes place outside of this context is contrary to her understanding of Biblical teaching.

16. Mrs. Fresse holds the personal religious belief that all people need Jesus.

17. Mrs. Fresse believes that every Christian, is called to love and treat everyone with respect and compassion, irrespective of their religious or other beliefs.

18. Mrs. Fresse believes that every Christian is called to express in word and deeds Christ's love for everyone.

19. Mrs. Fresse, during her employment with Starbucks, served all customers without discrimination on any basis including sexual orientation.

20. Mrs. Fresse was hired by Starbucks on or about December 2015 as a barista in store # 14479 in Hoboken, New Jersey.

21. During her employment as a barista in the Hoboken store, many of Mrs. Fresse's managers were made aware of her sincerely held religious beliefs because Mrs. Fresse regularly requested Sundays off, as well as Tuesday and Friday nights to allow her the ability to attend church and other religious gatherings. Some managers and co-employees, upon specific inquiry, were also made aware of her religious beliefs regarding sexuality.

22. In or about February 2019, following Plaintiff's relocation of her residence from Jersey City to Newark, and in order to reduce her commute time to and from work, Plaintiff sought a job in Starbucks store #13383 in Glen Ridge New Jersey.

23. At the time Plaintiff interviewed for the job as a barista in store #13383, Plaintiff informed the store manager, Matthew Phillips, that she would be unable to work on Sundays, Tuesday and Friday evenings because she attended church and/or participated in religious activities on those days and times.

24. Mr. Phillips assured Plaintiff that her unavailability on Sundays and certain evenings would not be a problem because there were plenty of employees willing to work those days and times.

25. Plaintiff began working as a barista in store # 13383 in Glen Ridge in or about February 2019.

26. During Plaintiff's time working as a barista, another of the store's managers, Megan Ferrera, was also made aware of Plaintiff's religious beliefs. Mrs. Fresse, upon inquiring about a position as a shift leader, was informed by Ms. Ferrera that she would not be considered for the position because she remained unavailable on Sundays and some evenings.

27. On or around June 2019, Mrs. Fresse attended a meeting with other Starbucks employees in Mr. Phillips' office. It was during this meeting that Mrs.

Fresse noticed a box of Starbucks PRIDE t-shirts resting on top of another box on the floor beside Mr. Phillips' desk.

28. Mrs. Fresse, while she holds no enmity toward individuals who ascribe to the LGBTQ lifestyle and/or make up the LGBTQ community, believes that being made to wear a PRIDE t-shirt as a condition of employment would be tantamount to forced speech and inaccurately show her advocacy of a lifestyle in direct contradiction to her religious beliefs.

29. At the end of the meeting, and after all other employees had left Mr. Phillips's office, Mrs. Fresse inquired whether she would be required to wear the PRIDE t-shirt during her shifts at the store. Mr. Phillips assured her she would not have to wear the t-shirt.

30. Based on Mr. Phillips's assurances, Mrs. Fresse believed the matter to be resolved and that her religious beliefs would be accommodated.

31. A few weeks after Mrs. Fresse's conversation with Mr. Phillips about the PRIDE t-shirts, and upon information and belief that someone complained of her request to be exempt from wearing a PRIDE t-shirt, Mrs. Fresse was contacted by Starbucks's Ethics and Compliance Helpline (hereinafter "E&C"). Upon specific inquiry by E&C, Mrs. Fresse explained to E&C that she did not want to wear the PRIDE t-shirt because her religious beliefs prevented her from doing so.

32. On or about August 22, 2019, and without any further conversation or advance notice, Mrs. Fresse was notified by district manager Angela Durand and store manager Megan Ferrera that her comportment was not in compliance with Starbucks' Core Values and that she was consequently being terminated. She was then handed a Notice of Separation.

33. The Notice of Separation, dated August 22, 2019, described the reasons for separation specifically as follows:

> *This shall serve as Betsy's Notice of Separation for acting in violation of Starbuck's Core Values.*
>
> *Upon being handed her PRIDE t-shirt Betsy stated she did not want to wear a PRIDE t-shirt and that partners "need Jesus".*
>
> *As stated in the Ops Excellence Field Guide: under Creating a culture of warmth and belonging, we enforce these values when we embrace inclusion and diversity, and welcome and learn from people with different backgrounds and perspectives.*

See **Exhibit B**.

34. Contrary to the Notice of Separation, Mrs. Fresse (Betsy) was never handed a PRIDE t-shirt.

35. Starbucks proclaims to be a beacon for inclusion and diversity. On its website, Starbucks asserts that it nurtures a culture of inclusion and states as follows:

> *We're committed to upholding a culture where inclusion, diversity, equity and accessibility are valued and respected. Your entire experience –starting with your application-is designed to be the beginning of an inspirational journey, where you are treated warmly and with transparency.*

https://www.starbucks.com/careers/working-at-starbucks/culture-and-values.

36. Nonetheless, and in direct violation of its stated commitment to inclusion and diversity, Starbucks sought to exclude and silence Mrs. Fresse whose religious beliefs it deemed undesirable.

37. As a result of Starbucks's unlawful discrimination, Mrs. Fresse has suffered irreparable injury, monetary damages and has incurred attorneys' fees and costs.

## CAUSE OF ACTION

### Violation of Title VII

38. The allegations in the Paragraphs above are incorporated by reference herein as if fully set out.

39. Pursuant to Title VII, "religion includes all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j).

40. Pursuant to Title VII, and having sincerely held religious beliefs of which Starbucks was fully aware, Mrs. Fresse belongs to a protected class.

41. Starbucks's decision to terminate Mrs. Fresse was not based on objective, job-related criteria, but upon her religious beliefs, observance and/or practices.

42. Starbucks further, failed to reasonably accommodate Plaintiffs religious beliefs, observance and/or practices.

43. The effect of Starbucks's practices complained of in the paragraphs above has been to deprive Mrs. Fresse of equal employment opportunities and otherwise adversely affect her status as an employee because of her religious beliefs.

44. The unlawful employment practices of Starbucks and complained of in the paragraphs above were intentional.

45. The unlawful employment practices of Starbucks were done with malice and/or reckless indifference to Plaintiff's protected rights and warrant the imposition of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Betsy Fresse respectfully requests that the Court enter judgment against Defendant, and provide Plaintiff with the following relief:

(a) A permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from failing to accommodate the sincerely held religious beliefs of Plaintiff.

(b) A declaratory judgment that Defendant's actions violated Plaintiff's rights under Title VII.

(c) An order requiring Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, regardless of religion and/or religious beliefs.

(d) Appropriate backpay with prejudgment interest in an amount to be determined at trial and other affirmative relief necessary to eradicate the effects of unlawful employment practices complained of herein,

      including but not limited to restatement or alternatively awarding front pay.

(e)    Compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of herein in an amount to be determined at trial.

(f)    Compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of herein, including emotional pain and suffering, in an amount to be determined at trial.

(g)    Punitive damages in an amount to be determined at trial.

(h)    Reasonable attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 42 U.S.C. § 2000e-5(k).

(i)    An Order granting to Plaintiff all further relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment of the United States Constitution.

Date:  January 11, 2021

                                            Respectfully submitted

                                            *Demetrios K. Stratis*

                                            Demetrios K. Stratis, Esq.
                                            Ruta, Soulios & Stratis
                                            10-04 River Rd
                                            Fair Lawn, NJ 07410
                                            dstratis@stratislaw.com

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Newark Area Office**

Two Gateway Center, Suite 1703
283-299 Market Street
Newark, NJ 07102
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Newark Status Line: (866) 408-8075
Newark Direct Dial: (973) 645-4684
TTY (973) 645-3004
FAX (973) 645-4524
Website: www.eeoc.gov

Betsy J. Fresse

Re: EEOC Charge Number: 524-2020-00784
Fresse v. STARBUCKS CORPORATION

Dear Ms. Fresse,

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission"), has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege you were discriminated against because of Religion-Other

Respondent's position statement has been previously shared with you. Your rebuttal to this position statement has also been received and analyzed.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge with 90 days of receipt of said notice. Otherwise, your right to sue will be lost. Please contact Investigator Gustavo A. Blanco at (973) 645-6027 if you have any questions.

Sincerely,

August 21, 2020                                JOHN WALDINGER
_____                                _____
Date                                           John Waldinger
                                               Area Office Director

EEOC Form 161 (11/16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Betsy J. Fresse | From: | Newark Area Office<br>283-299 Market Street<br>Two Gateway Center, Suite 1703<br>Newark, NJ 07102 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 524-2020-00784 | Rayba Watson,<br>Enforcement Supervisor | (973) 645-6021 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

JOHN WALDINGER   August 21, 2020

Enclosures(s)   John Waldinger,   (Date Mailed)
Area Office Director

cc: Jeffrey Jones
Shareholder
Starbucks c/o Littler Mendelson, P.C.
c/o Littler Mendelson, GSC
2301 McGee Street, 8th Floor
Kansas City, MO 64108

Mario Gonzalez Jr., Esq.
GONZALEZ LAW GROUP LLP
110 Cambridge Avenue
Jersey City, NJ 07307

Heather A. Johnson, Esq.
STARBUCKS CORPORATION
2301 Mcgee Street, 8th Floor
C/O Littler Mendelson, P.C. - Gsc
Kansas City, MO 64108

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT B

# Notice of Separation
## U.S. Retail

| Partner Name: | Betsy Fresse | Date Delivered: | 8/22/2019 |
| --- | --- | --- | --- |
| Partner Number: | 02195195 | Store Number: | 13383 |
| Manager's Name: | Angela Durand | | |

## Statement of Situation

**Manager's Statement:** Describe the circumstances that led to the decision to separate the partner from employment.

This shall serve as Betsy's Notice of Separation for acting in violation of Starbuck's Core Values.

Upon being handed her PRIDE t-shirt Betsy stated she did not want to wear a PRIDE t-shirt and that partners "need Jesus".

As stated in the Ops Excellence Field Guide: under Creating a culture of warmth and belonging, we enforce these values when we embrace inclusion and diversity, and welcome and learn from people with different backgrounds and perspectives.

## Signatures

| Manager Signature | Date delivered | Name (please print) | Partner # |
| --- | --- | --- | --- |
| *Angela Durand* | 8/22/19 | Angela Durand | 1686253 |

| Witness Signature (if applicable) | Date delivered | Name (please print) | Partner # |
| --- | --- | --- | --- |
| *Megan Ferrara* | 8/22/19 | Megan Ferrara | 1847809 |

Partner: The above has been discussed with me by my manager. I understand my signature does not necessarily imply agreement, but acknowledges receipt of this form.

| Partner Signature | Date delivered | Name (please print) | Partner # |
| --- | --- | --- | --- |
| | | | |

Partner: For information regarding the impact of your separation on your benefits and other aspects of your employment, please refer to the Partner Separation FAQ – US Retail (available from your manager).

Manager: Print two copies of this form. Provide one signed copy to the partner and retain one signed copy in the store partner file.

©2017 Starbucks Corporation. All Rights Reserved. Internal Use Only    Source: PRSC, rev. July 2017    Page 1