<u>**CLOSING**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BETSY FRESSE,** *Plaintiff,* v. **STARBUCKS CORPORATION,** *Defendant.* | Civil Action No. 20-16567 **ORDER** |

**THIS MATTER** comes before the Court by way of Defendant Starbucks Corporation's ("Defendant") unopposed Motion to Compel Arbitration and to Dismiss or Stay the Action, ECF No. 11;

and it appearing that this Title VII action arises from Defendant's alleged termination of Plaintiff Betsy Fresse's ("Plaintiff") employment on the basis of her religious beliefs, <u>see generally</u> Am. Compl., ECF No. 6;

and it appearing that on March 10, 2021, Defendant filed the instant Motion to enforce an arbitration agreement executed by Plaintiff as a condition of her employment, <u>see</u> Declaration of Matthew Kennedy Ex. G, ECF No. 11.3;

and it appearing that on April 2, 2021, Plaintiff's counsel informed the Court that Defendant consented to an extension of time until June 7, 2021 for Plaintiff to file any opposition to the Motion, ECF No. 12;

and it appearing that as of the date of this Order, neither Plaintiff's counsel nor anyone associated with his law firm has filed an opposition to the Motion or sought an additional extension of time;

and it appearing that "if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis," Hollister v. U.S. Postal Serv., 142 F. App'x 576, 577 (3d Cir. 2005) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992)); see also Gates v. Northland Grp., Inc., No. 16-1492, 2017 WL 680258, at *3 (D.N.J. Feb. 21, 2017) (holding that dismissal, rather than a stay of proceedings, is an appropriate remedy to enforce an arbitration agreement where the Defendant seeks dismissal and the Plaintiff does not ask the Court for a stay pending arbitration);[1]

**IT IS** on this 14th day of October, 2021;

**ORDERED** that the Defendant's Motion to Compel Arbitration, ECF No. 11, is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

　　　　　　　　　　　　　　　　　　　　　　*/s Madeline Cox Arleo*
　　　　　　　　　　　　　　　　　　　　　　**MADELINE COX ARLEO**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

---

[1] While the Court lacks discretion under the Federal Arbitration Act "to dismiss a case where one of the parties applies for a stay pending arbitration," Lloyd v. Hovensa, LLC, 369 F.3d 263, 269 (3d Cir. 2004), Defendant seeks a stay only in the alternative, i.e., in the event the Court declined to order dismissal.